Cavanagh, J.
(dissenting). Because I disagree with the majority’s decision to admit the challenged evidence, I respectfully dissent. I would affirm the judg *714 ment of the Court of Appeals, and, further, I would not disavow the Court of Appeals decision in People v Chapin, 244 Mich App 196; 624 NW2d 769 (2000).
First, I cannot agree that this Court’s decision in People v Moten, 233 Mich 169; 206 NW 506 (1925), is not applicable to this case. There, this Court had to decide whether evidence gathered under a warrant that did not recite the basis for its issuance, as required by statute, had to be excluded. Id. at 174. Analyzing this question, the Court quoted approvingly from United States v Kaplan, 286 F 963, 968 (SD Ga, 1923), which stated that such warrant requirements ensure “that the accused may promptly know what is the accusation against him, upon what it is based . . . .” The Moten Court concluded that the warrant was not complete and in violation of the statute. Thus, the Court concluded that the accused did not “promptly know” the accusation against him or its basis, and it excluded the evidence gathered under the warrant. See Moten, supra at 173-174. The majority distinguishes Moten, concluding that Moten may require exclusion of evidence gathered under a warrant that does not have the proper statutory form, but does not require exclusion when the asserted statutory shortcoming deals only with the procedure of executing the warrant. It characterizes defendant’s complaint as only procedural, and not within Moten. See ante at 708-709.
However, the offered distinction does not account for the Moten Court’s reasoning. There, the warrant did not recite the basis for its issuance, depriving the defendant of notice of the reasons for the search, and this Court excluded the evidence. In this case, even though the warrant may at some prior time have had *715 an affidavit attached to it, see ante at 707, n 15, when it was delivered to defendant, it did not. In fact, defendant was not informed of the affidavit’s contents until some four months after the search. Thus, defendant did not have notice of the reasons for the search; she could not “ ‘promptly know what [was] the accusation against [her], upon what it [was] based ....’” Moten, supra at 173, quoting Kaplan, supra. Regardless of whether the instant warrant ever had an affidavit reciting its basis, like the warrant that was delivered in Moten, the instant warrant did not state its basis when it was delivered to defendant. Like the defendant in Moten, then, the instant defendant should not have the evidence gathered under such a warrant admitted against her.
Second, I fear that the majority’s search for legislative intent effectively upends the intent that is most clear. Though MCL 780.655; MSA 28.1259(5) does not provide on its face for any remedy, it clearly indicates the Legislature’s policy of requiring officers to leave a copy of the warrant, which must recite the basis for its issuance, with the searched party or at the searched premises. Under the decision in this case, however, there is no consequence for a failure to do so.[1] Further, under the majority’s reasoning, there would similarly be no consequence for a failure to tabulate the property seized, leave a copy of the tabulation with the searched party or at the searched premises, file that tabulation, or safely keep the prop *716 erty seized.[2] Each of these requirements is ministerial in nature and occurs after the search, but each is required by this statute. Although I would not anticipate police misconduct,[3] even if officers did purposefully ignore this statute’s requirements, it apparently would make no difference. Rather than leave the Legislature’s policy of requiring police to provide a warrant stating its basis so doubtful, I would exclude the challenged evidence to ensure that the policy is observed.
In closing, in People v Sloan, 450 Mich 160, 184, n 18; 538 NW2d 380 (1995), this Court stated that excluding evidence as a remedy for a statutory violation was not a “new phenomenon.” It apparently has now become the old phenomenon, though, as the Court continues the trend it began in People v Stevens (After Remand), 460 Mich 626, 641; 597 NW2d 53 (1999), and continues in this case, toward admitting evidence despite statutory violations. In my view, this is an erroneous course, so I continue to be unable to join this trend. I would exclude the challenged evidence, affirm the Court of Appeals, and would not disapprove of the Court of Appeals decision in Cha-pin, supra. Therefore, I must respectfully dissent.
Kelly, J., concurred with Cavanagh, J.

 Notably, the majority has not relied on the search warrants act’s penalty provision, MCL 780.657; MSA 28.1259(7), as it did, erroneously in my view, in People v Stevens (After Remand), 460 Mich 626, 641; 597 NW2d 53 (1999), as a reason not to apply the exclusionary rule in this case.

 Indeed, this Court has already indicated that police may destroy seized items without actually running afoul of this statute. See People v Jagotka, 461 Mich 274, 279-280; 622 NW2d 57 (1999); see also id. at 282-283 (Cavanagh, J., dissenting).

 Whatever the role of the federal actors in this case, the prosecution has conceded that state law applies.